ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Rolls-Royce Corporation | ) | ASBCA No. 63677-ADR |
| | ) | |
| Under Contract No. FA8107-21-D-0001 | ) | |

APPEARANCES FOR THE APPELLANT:    Kevin P. Mullen, Esq.
    Markus G. Speidel, Esq.
     Morrison & Foerster LLP
     Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Caryl A. Potter, III, Esq.
     Air Force Deputy Chief Trial Attorney
    Maj Oladipo O. Odejide, USAF
    Maj Candice D. Schubbe, USAF
    Kelsi J. Pilcher, Esq.
     Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MCLISH

By agreement dated September 30, 2024, the parties elected to have entitlement on appellant's claim at issue in this appeal (the Crosswind Claim) considered and decided through a summary proceeding with binding decision pursuant to the Board's Alternative Dispute Resolution procedures.

The parties agreed that the issues to be decided are:

(a) Do paragraphs (a) and (d) on page 3 of the contract (R4, tab 1 at 3) grant the government the unilateral right to change the contract's stated requirements?

(b) If the answer to (a) is yes, and the change results in an increase in the cost of performance, is Rolls-Royce entitled to an equitable adjustment in contract price?

(c) Does the Engine Supplemental Requirements (ESR) Section 3.2.3.5.2 Crosswind specification constitute a contract change?

(ADR Agreement ¶ 5)

<u>DECISION</u>

Prior to the hearing scheduled in this matter, the parties informed the Board that they had reached an agreement on entitlement for the Crosswind Claim. The parties jointly stipulated to the following statement as the Board's binding decision on that claim:

> Paragraphs (a) and (d) on page 3 of the contract (R4, tab 1 at 3) grant the government the unilateral right to change the contract's stated requirements. If the government unilaterally changes the contract's stated requirements, and the net result of the change is an increase of cost under the contract, Rolls-Royce is entitled to an equitable adjustment of the contract price. The Engine Supplemental Requirements (ESR) Section 3.2.3.5.2 Crosswind specification constitutes a contract change. Therefore, Rolls-Royce Corporation is entitled to an equitable adjustment of the contract price.

(Joint Request for Binding Entitlement Decision dtd. March 18, 2025 at 1)

Accordingly, the statement above constitutes the Board's binding decision on entitlement on the Crosswind Claim. As agreed by the parties, the Board's decision on entitlement is final, conclusive, not appealable, and may not be set aside, except for fraud. This decision has no precedential value (*see* ADR Agreement ¶ 15).

<u>CONCLUSION</u>

As set forth above, appellant's claim is sustained as to entitlement. In accordance with the parties' September 30, 2024 agreement, the undersigned will convene a non-binding mediation to facilitate settlement of the quantum amount of the Crosswind Claim as well as "other potential claims" under the contract, as defined in the agreement (*see id.* ¶ 16).

Dated: March 26, 2025

THOMAS P. MCLISH
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63677-ADR, Appeal of Rolls-Royce Corporation, rendered in conformance with the Board's Charter.

Dated:  March 26, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals